Battle, J.
 

 Ever since the decision of the case of
 
 Albertson
 
 v.
 
 Redding, 2
 
 Murph. Rep. 283, S. C. 1 Ca. Law Rep. 274, it has been considered the settled law of this State, that, in all cases of ejectment, whether the consent rule be general or special, the lessor of the plaintiff is
 
 *504
 
 bound to prove the defendant to be in possession of the premises, which he seeks to recover. This is placed upon the ground that the defendant’s being in possession of the premises is a material allegation of the plaintiff’s lessor, which it is incumbent upon him to prove; and that the consent rule, by which the defendant is permitted to defend, upon confessing lease, entry and ouster, does not supersede the necessity for such proof. But the rule is different, where the defendant makes a distinct admission, before suit is brought, that he was in possession, as in the case of
 
 Mordecai
 
 v.
 
 Oliver,
 
 3 Hawks Rep, 479 ; or where one, upon his own motion, procures himself to be made a defendant, in an action brought against another as in
 
 Gorham
 
 v.
 
 Brennon, 2
 
 Dev. Rep. 174: so, in the case of
 
 Carson
 
 v.
 
 Burnet
 
 &
 
 Mills,
 
 1 Dev. and Bat. Rep. 560, it was said by the Court
 
 arguendo,
 
 that it might not be necessary to prove the tenant to be in possession of of any particular place as against the landlord, who admits him to be in possession, as his tenant, by engaging to defend him. The distinction between the necessity of proof of possession, as against the tenant and not as against his landlord, is founded upon this, that the tenant is brought involuntarily into Court by the plaintiff’s lessor, while the landloid comes forward of his own accord and admits the possession of his tenant. In the case before us, the defendant, Love, came into Court and swore that the “ premises in dispute,” were his ; that Joseph Chambers went into posession as subtenant of his tenant, E. Chambers, and that he was the landlord of the premises sued for. His own affidavit therefore supplied the proof of his tenant’s possession of
 
 all
 
 the land contained within the boundries descirbed in the plaintiff’s declaration. It is true that it is said, in
 
 Belfour
 
 v.
 
 Davis,
 
 4 Dev. and Bat. Rep. 300, that a landlord, who is admitted to defend with, or in the stead of his tenant, stands in his place, and is entitled to his rights and subject to his disadvantages ; but that is with respect
 
 *505
 
 to the title, and not to the proof of possession, which he admits by the very fact of coming forward to defend the suit. Whether, when the tenant is in possession of, and claiming as such, only a part of the land sued for, the landlord would be permitted to come in upon this affida. vit and defend only for such part, it is unnecessary for us to decide, as the question is not presented in the case now under consideration.
 

 The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Ordered accordingly.